UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| BARBARA COCHRAN,<br><br>    Plaintiff,<br><br>v.<br><br>AVANT, LLC,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:22-cv-402<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, BARBARA COCHRAN ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of AVANT, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, as well as for Invasion of Privacy ("IOP") for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion of the events and/or omissions giving rise to this action occurred within the Southern District of Texas.

**PARTIES**

4. Plaintiff is a consumer over 18-years-of-age residing in Galveston County, Texas, which is located within the Southern District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is engaged in the business of offering financial services and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including those residing within the state of Texas. Defendant is organized under the laws of the state of Delaware, with its principal place of business located at 222 North LaSalle Street, Suite 1600, Chicago, Illinois 60601.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. Plaintiff previously obtained a line of credit through Defendant in order to fund the purchase of personal and household goods.

10. Plaintiff subsequently experienced financial difficulties, causing her to fall behind on her monthly payments to Defendant, thus incurring debt ("subject debt").

11. In or around the spring of 2022, Plaintiff began receiving systematic calls to her cellular phone, (409) XXX-7073, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -7073. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Defendant has placed calls to Plaintiff's cellular phone mainly using the phone number (312) 818-5250, but upon belief, Defendant may have used other phone numbers as well.

14. Upon information and belief, the aforementioned phone number ending in -5250 is regularly utilized by Defendant during its debt collection activity.

15. During certain answered calls, Plaintiff has been greeted by an artificial and/or automated voice message before being connected with one of Defendant's representatives.

16. Upon speaking with Defendant, Plaintiff was informed that Defendant was attempting to collect upon the subject debt.

17. Plaintiff has notified Defendant's representatives that she did not have the means to make payment, and requested that Defendant stop calling her.

18. Plaintiff has even reiterated these requests during subsequent conversations, including during the spring and summer of 2022, but in spite of this explicit information, Defendant has placed at least seventy (70) phone calls to Plaintiff's cellular phone through the present day.

19. Defendant has even placed multiple calls to Plaintiff during the same day, despite knowing its calls were unwelcome.

20. For instance, on several different occasions, Defendant has placed up to four (4) calls to Plaintiff's cellular phone during the same day, despite having knowledge that its calls were unwanted.

21. Seeing no end to Defendant's harassing conduct, Plaintiff was forced to retain counsel, and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

22. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

23. Plaintiff has been unfairly treated and harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: loss of sleep, stress, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased usage of her telephone services, and diminished cellular phone capacity and functionality.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* an artificial *or* pre-recorded voice without their consent.

27. Defendant used pre-recorded messages when placing calls to Plaintiff's cellular phone. Upon answering some of Defendant's phone calls, Plaintiff was subjected to an artificial voice prompting her to hold for the next available representative.

28. Defendant violated the TCPA by placing at least 70 phone calls to Plaintiff's cellular phone using pre-recorded and/or artificial messages without her consent. Any consent Plaintiff may have given to Defendant by virtue of incurring the subject debt was explicitly revoked by Plaintiff's demands that it cease contacting her.

29. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

30. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). After Plaintiff initially notified Defendant's representative to stop calling, Defendant had more than enough knowledge to know that its calls were unwanted. Armed with this information, however, Defendant still willfully chose to continue its barrage of automated calls to Plaintiff's cellular phone.

WHEREFORE, Plaintiff, BARBARA COCHRAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

33. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

34. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    i. **Violations of TDCA § 392.302**

35. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

36. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone dozens of times after she notified it to stop calling. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by her multiple requests, Defendant persisted with its harassing campaign of phone calls in hopes of extracting payment.

37. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome. Plaintiff then reiterated her demands during subsequent phone calls, but Defendant disregarded these requests and has persisted with its harassing collection efforts.

38. Defendant further violated the TDCA when it called Plaintiff multiple times in a single day. This repeated behavior of systematically calling Plaintiff's phone was harassing and abusive. The frequency and nature of calls shows that Defendant ignored Plaintiff's pleas and willfully tried to harass her into submission.

### ii.   Violations of TDCA § 392.304

39. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

40. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting Plaintiff's cellular phone using pre-recorded and artificial voices absent her consent. Such lawful ability was revoked upon Plaintiff demanding that Defendant stop calling her cellular phone, illustrating the deceptive nature of Defendant's conduct.

WHEREFORE, Plaintiff, BARBARA COCHRAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

41. Plaintiff restates and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Defendant intentionally invaded Plaintiff's privacy through its barrage of dozens of unwanted automated phone calls to Plaintiff's cellular phone. This conduct was highly intrusive and invasive to Plaintiff, and thus, eliminated Plaintiff's right to privacy.

43. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted her overall focus, and continually frustrated and annoyed Plaintiff to the point where she was denied the ability to quietly live her life, instead having it upended by Defendant's harassing phone call campaign.

44. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in her home and/or any other location in which she would have normally brought her cellular phone.

45. By continuing to call Plaintiff in an attempt to coerce her into making payment, all while having knowledge that Plaintiff did not wish to receive any further communications, Defendant provided Plaintiff with no reasonable escape from its incessant conduct.

WHEREFORE, Plaintiff, BARBARA COCHRAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 22nd day of November 2022.        Respectfully Submitted,

                                                                  */s/ Taxiarchis Hatzidimitriadis*
                                                                  Taxiarchis Hatzidimitriadis #6319225
                                                                  CONSUMER LAW PARTNERS, LLC
                                                                  333 N. Michigan Ave., Suite 1300
                                                                  Chicago, Illinois 60601
                                                                  (267) 422-1000 (phone)

(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Barbara Cochran*